[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 15, 2009
THOMAS K. KAHN
CLERK

No. 07-14294
_____

D. C. Docket No. 06-80954 CV-ASG
BKCY No. 05-30361-BKC-SH

IN RE: JODI B. HUSSEY, MARK A. HUSSEY,

                                                            Debtors.

_____

MARY ALICE GWYNN,

                                                            Plaintiff-Appellant,

versus

JODI B. HUSSEY, MARK A. HUSSEY,
DEBORAH MENOTTE,
U.S. TRUSTEE OFFICE,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 15, 2009)

Before EDMONDSON, Chief Judge, ANDERSON, Circuit Judge, and COHILL,*
District Judge.

PER CURIAM:

_____
*Honorable Maurice B. Cohill, Jr., United States District Judge for the Western District of
Pennsylvania, sitting by designation.

After oral argument and careful consideration, we conclude that the judgment of the district court is due to be affirmed. The district court initially imposed sanctions upon Gwynn on two grounds: first, that her appeal from the bankruptcy court was without support in the evidence or the law; and second, that she misrepresented to the district court that she had informed the bankruptcy judge that she had a copy of the tape. The transcript of the June 29, 2007, oral argument before the district court does not clearly indicate that Gwynn actually misrepresented to the district court what she had told the bankruptcy court. Indeed, on reconsideration, the district court indicated that Gwynn may have only inadvertently implied that she had told the bankruptcy judge she had a copy of the tape. We agree that there probably was only a misunderstanding, rather than a misrepresentation. However, that was only an alternative ground of the sanctions order. Even if the misrepresentation ground would not itself support the sanctions imposed by the district court, the sanction is nevertheless amply supported on the basis of the district court's alternative ground – i.e., the lack of legal and factual support for Gwynn's appeal from the bankruptcy court to the district court. The district court's order on reconsideration indicates that the sanctions order could properly be based solely on this ground. We agree, especially in light of the minimal nature of both the monetary and the non-monetary sanctions imposed.

2

Because the result would not differ in any event, and in light of the inadequate briefing in this appeal, we decline to address the precise source of the district court's authority to grant sanctions under these circumstances. Whether the district court's authority derives from one of the rules discussed in the briefs, or from the district court's inherent authority, it is clear that the district court did have inherent authority to impose the sanctions at issue here.

AFFIRMED.[1]

---

[1] Appellant's pending motion to strike certain pages of the appellee's brief is denied as moot in light of the fact the panel disregarded same.